**Ethel H. GEORGE, Plaintiff,**

v.

**GENERAL FINANCE CORPORATION OF LOUISIANA, Defendant.**

**Civ. A. No. 75–2548.**

United States District Court, E. D. Louisiana.

April 27, 1976.

34

Joseph W. Thomas, New Orleans, La., for plaintiff.

Kenneth J. Berke, New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge:

The regulations [1] adopted by the Federal Reserve Board pursuant to authority of the Truth in Lending Act [2] require that the cost of credit, or, in the words of the regulations, the "finance charge" be clearly disclosed and that its component charges be identified. However, certain charges, specified in the regulations, which actually contribute to the cost of credit, are exempted from that requirement:

> (b) Itemized charges excludable. If itemized and disclosed to the customer, any charges of the following types need not be included in the finance charge:

> (1) Fees and charges prescribed by law which actually are or will be paid to public officials for determining the existence of or for perfecting or releasing or satisfying any security related to the credit transaction. 12 C.F.R. § 226.-4(b)(1).

The issue raised by the plaintiff is whether a $2.00 charge for "official fees" and a $.75 charge for "notary fees," both disclosed to the borrower and in fact paid

---

1.  12 C.F.R. § 226.4(a).

2.  15 U.S.C. § 1601 et seq.

for the purposes stated, were covered by the exemption or whether the Act required that they be identified as components of the finance charge.

The plaintiff contends:

A. The charges were finance charges.

B. Mere revelation of these charges was not enough; the disclosure form was required to itemize them separately as components of the finance charge because neither of these costs constituted "fees and charges prescribed by law" within the meaning of section 226.4(b)(1);

C. It was necessary for defendant to give a further explanation for the term "official fees" used to describe the $2.00 charge.

These issues are considered separately:

## I.

The $2.00 charge was made for recording the mortgage; the other charge was for the notary's fee. Both were actually paid by the lender. They appear to be embraced within the exemption. The recordation cost was paid to a public official, the clerk of court. While a notary public is not an elected public official, like the clerk of court, the office is a public one. It was necessary to have the mortgage notarized and recorded to perfect the security retained by the creditor.

## II.

The plaintiff maintains that the notary fee was not a "charge prescribed by law" because "there is no law in Louisiana that prescribes a $.75 notary fee for notarizing a chattel mortgage." In fact, Louisiana law does require authentication of a chattel mortgage in order to perfect a security interest. LSA–R.S. 9:5353. It does not, as plaintiff has urged, direct notaries to charge a set fee of $.75 for their services. But the plaintiff's argument rests on the notion that the term, "prescribed by law" refers to the amount of the charge rather than to the legal nature of the charge.

It is possible to reason this way: Exempted charges need not be itemized on the disclosure form because the amount of the charge can be discovered by the borrower by reference to extrinsic documents—statutes, regulations, etc.—and if the amount is not prescribed by law, the justification for the exemption is lost. But it is unrealistic to suppose that any of the exempted charges, even if fixed in amount, would be readily ascertainable by the layman. Moreover, since the precise amount of the charge is set forth on the disclosure form, the argument is, at best, academic. It is far more likely that Congress exempted these charges because they are effectively out of the lender's control and do not inure to his financial benefit. The charges that must be included in the finance charge are, inter alia, interest, service fees, and insurance required by the creditor. These are charges that the creditor does control and that do usually benefit him.

## III.

Neither the statute nor the regulations demand a detailed explanation of the charges made for "official fees." Neither requires use of a particular term to describe the exempted charges. It is not necessary that the consumer be informed exactly what law permits the charge or to what official it is paid; it suffices if the charge in fact is "prescribed by law," and its payment disclosed.

While the Truth in Lending Act is to be interpreted liberally for the protection of borrowers, it is to be read in a manner calculated to protect borrowers, not as a maze containing obscure technical pitfalls for creditors. The statutory arguments advanced by the plaintiff rest on subtle interpretations of provisions that are ambiguous, at best. The amount involved in the alleged violations was $2.75. The maxim, "De minimis non curat lex," [3] is a venerable and sensible principle of law. Congress did not intend by the Truth in Lending Act to make a federal case out of a lawful charge

---

3. The law does not concern itself with trifles.

of $2.75 made by a money lender, fully revealed to the borrower, even if the amount were set forth on the disclosure form in a manner that did not conform precisely to the regulations. Accord: *Gordon v. Backus Cadillac-Pontiac, Inc.*, U.S. D.C., S.D.Ga. (CCH Para. 98,689).[4]

This case does not involve either concealment or the taking of a secret profit by the creditor. The official fees and notary fees were disclosed on the disclosure form. There is no allegation that exaction of the fees, or their amount, was unclear or inconspicuous.

Different facts might lead to a different result. The court holds only that, in the facts of this case, the statute does not permit recovery.

The defendant's motion for summary judgment is hereby GRANTED.

---

4.  In that case, the court refused to allow recovery for failure to itemize a $1.00 license fee.